NIGHT BOX
FILED

AUG 14 2003

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-20282-CIV-MORENO

MAGISTRATE JUDGE: GARBER

HERITAGE SKIN CARE, INC. and
ANGELO P. THROWER, MD,

           Plaintiffs,

v.

DYNO-HERITAGE BRANDS, INC.

           Defendants.

## MOTION TO CONFIRM ARBITRAL AWARD

Defendant, Dyno-Heritage Brands, Inc. ("Dyno") respectfully files this motion to certify Award of Arbitrator issued by Ret. Federal District Court Judge Edward B. Davis on August 4, 2003 in favor of Dyno as the "prevailing party" and against Plaintiff's Heritage Skin Care, Inc. ("Heritage") and Angelo B. Thrower, M.D. ("Dr. Thrower"), and states:

A.    **Procedural Background**

On February 7, 2003 Heritage and Dr. Thrower filed a Verified Complaint ("the Complaint") before this Court in the matter styled: *Heritage Skin Care, Inc. and Angelo P. Thrower, M.D. v. Dyno-Heritage Brands, Inc.*, Case No. 03-20282-CIV-MORENO. Upon being served with the complaint, Dyno immediately filed a Notice of Appearance. The Notice of Appearance specifically objected to the filing of an action in a judicial forum on the solitary ground that it was filed in direct and explicit controversial to the mandate of the arbitration clauses embodied in the two (2) operative agreements upon which the verified complaint rested.

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE MIAMI, FLORIDA 33131
305-579-0500   FAX 305-579-0717   www.gtlaw.com
MIAMI   NEW YORK   WASHINGTON, D.C.   ATLANTA   PHILADELPHIA   TYSONS CORNER   CHICAGO   BOSTON   PHOENIX   WILMINGTON   LOS ANGELES   DENVER
SÃO PAULO   FORT LAUDERDALE   BOCA RATON   WEST PALM BEACH   ORLANDO   TALLAHASSEE

Dyno proceeded to file a Motion and Application to Compel Arbitration and to Dismiss or Stay Proceeding.

Instead of immediately filing a demand for arbitration and thus mitigate damages and pursue the appropriate methodology for relief contracted for by the parties, Heritage and Dr. Thrower filed a memorandum in opposition to the motion to compel arbitration. Without even purporting to seek leave of court, Plaintiffs also filed a sur-reply opposing the motion to compel. These actions forced Dyno to defend the lawsuit in federal court. Moreover, Dyno was obligated to prepare for an emergency preliminary injunction hearing that necessitated filing a memorandum in opposition, as well as preparation of witnesses.

The Hon. Barry L. Garber held two (2) hearings on Dyno's motion to compel arbitration on February 14 and then on February 24, 2003. At the conclusion of the February 24 hearing, Magistrate Judge Garber ruled from the bench that he was granting Dyno's motion to compel arbitration. On February 25, 2003 Magistrate Judge Garber issued a comprehensive Report and Recommendation memorializing his ruling. Heritage and Dr. Thrower did not appeal or even object to the report and recommendation. Instead, Plaintiffs filed a motion styled: "Plaintiff's Motion to Clarify Report and Recommendation." That motion evinced an additional waist of the Court's and the parties' resources, further compelling issuance of an award for attorney's fees. Significantly, in that motion counsel principally sought "clarification" of the Report and Recommendation's statement that Plaintiff's counsel (Ms. Holifield) "conceded that it was possible to interpret the arbitration clauses as applying to all of the claims." The motion was summarily denied.

On August 4, 2003 the Hon. Ret. Federal District Court Judge Edward B. Davis issued a thorough and well reasoned thirty three (33) page Award of Arbitrator ("Award") denying Plaintiffs the relief sought in Plaintiffs' ten (10) count Verified Statement of Claims. Instead, the award granted Defendant relief arising from counts I and II of Defendant's counterclaim. A true and correct copy of the Award of Arbitration is here attached as Exhibit "A". Specifically, these counts were bottomed on Plaintiffs' wrongful and unjustified filing of this cause in a judicial forum despite the clear import of dispositive arbitration clauses that Plaintiffs had negotiated for and ratified by executing the agreements that underlied the arbitral proceeding.

The Award further held that all ten (10) counts comprising the Verified Statement of Claims were denied and, therefore, that "[Plaintiffs] take nothing by this action and go hence without delay." (*See* Exhibit "A" at p. 32).

## MEMORANDUM OF LAW

Pursuant to the Federal Arbitration Act, 9 U.S.C. §1-14, Plaintiffs may apply to this Court to confirm an arbitration award at any time within one (1) year after issuance of such an award. Here, the parties agreed to be bound by AAA arbitration for purposes of resolving disputes arising from or pertaining to the operative documents. Rule 50-c of the AAA under the caption **"Applications to Court and Exclusion of Liability"**, reads: *"Parties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction hereof."* (emphasis supplied). Hence, issuance of a confirmatory order reducing the arbitral award to the form of a final

judgment for purposes of execution once all damages awarded to Defendant (Respondent – Counterclaimant in the arbitral proceeding) are liquidated.

## CONCLUSION

For the foregoing reasons and authority Defendant Dyno Heritage Brands, Inc. respectfully requests issuance of an order confirming the Award of Arbitrator and thus reducing the award to a final judgment upon which execution may ensue upon liquidation of the damages award provided to Dyno Heritage Brands, Inc. as Respondent – Counterclaimant in the Arbitral proceeding.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By:_____
    PEDRO J. MARTINEZ-FRAGA
    Florida Bar No. 752282
    LUIS M. O'NAGHTEN
    Florida Bar No. 622435

CASE NO. 03-20282-CIV-MORENO

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 14 day of August, 2003, by hand delivery to **Marilyn J. Holifield, Esq., Holland & Knight, LLP**, 701 Brickell Ave., Suite 3000, Miami, Florida 33131.

_____
PEDRO J. MARTINEZ-FRAGA

GREENBERG TRAURIG, P.A.
1221 BRICKELL AVENUE  MIAMI, FLORIDA 33131
305-579-0500  FAX 305-579-0717  www.gtlaw.com
MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO  BOSTON  PHOENIX  WILMINGTON  LOS ANGELES  DENVER
SÃO PAULO  FORT LAUDERDALE  BOCA RATON  WEST PALM BEACH  ORLANDO  TALLAHASSEE