NIGHT BOX
FILED

AUG 2 5 2003

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-20282-CIV-MORENO

MAGISTRATE JUDGE: GARBER

HERITAGE SKIN CASRE, INC. and
ANGELO P. DR. THROWER, MD,

       Plaintiffs,

v.

DYNO-HERITAGE BRANDS, INC.

       Defendants.

_____/

## RESPONSE OPPOSING MOTION TO CONFIRM ARBITRAL AWARD WITH RESPECT TO AWARD OF ATTORNEYS' FEES

Plaintiffs Heritage Skin Care, Inc. ("Heritage") and Angelo P. Thrower, M.D. (" Dr. Thrower") oppose, in part, the confirmation of the Award of Arbitrator issued by the arbitrator, Ret. District Court Judge Edward B. Davis, on August 4, 2003. Heritage and Dr. Thrower oppose confirmation of that part of the Award that awards Dyno-Heritage Brands, Inc. attorneys' fees against the "Claimants," Heritage and Dr. Thrower. As more fully set forth in Claimants' Opposition to Motion for Attorney's Fees, attached as Exhibit A and hereby incorporated, the Award, by use of the plural "Claimants," incorrectly holds Claimant Dr. Thrower jointly liable for the attorneys' fee award. Heritage and Dr. Thrower request, therefore, that this Court defer confirmation of the Award of Arbitrator as to the award of attorneys' fees, pending resolution of these issues by the Arbitral Panel.



Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for Claimants
701 Brickell Avenue
Suite 3000
Miami, Florida 33131
Telephone:  (305) 374-8500
Fax: (305) 789-7799

By _____
    Marilyn J. Holifield
    Florida Bar No. 293482
    Email:  mholifie@hklaw.com

Of Counsel:

Ieuan G. Mahony
Mass. Bar # 552349
Email: imahony@hklaw.com
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
Fax: (617) 523-6850

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that, on this 25th day of August 2003, a copy of the foregoing has been delivered

via facsimile and mail to:

Pedro J. Martinez-Fraga and
Luis M. O'Naghten, Esq.
Greenberg & Traurig LLP
Attorneys for Respondent,
1221 Brickell Avenue, Miami, Florida 33131

The Honorable Edward B. Davis
Akerman, Senterfitt, Eidson, P.A.
Sun Trust International Center
One South East Third Avenue, 28th Floor
Miami, FL 33131-1704

and

Mr. Thomas Simotas
International Centre For Dispute Resolution
1633 Broadway, Fl. 10
New York, NY 10019-6708

Marilyn J. Holifield

MIA1 #1246719 v1

3

# EXHIBIT "A"

## AMERICAN ARBITRATION ASSOCIATION
## MIAMI, FLORIDA

HERITAGE SKIN CARE, INC. and
ANGELO P. THROWER, MD,

    Claimants,

    - and -

DYNO-HERITAGE BRANDS, INC.,

    Respondent.

NO. 50 T 133 00126 03

## CLAIMANTS' OPPOSITION TO MOTION FOR ATTORNEY'S FEES

HOLLAND & KNIGHT, LLP.
Attorneys for Claimants
701 Brickell Avenue
Suite 3000
Miami, Florida 33131
Telephone:  (305) 374-8500
Fax: (305) 789-7799

Marilyn J. Holifield
Florida Bar No. 293482
Email:  mholifie@hklaw.com

Of Counsel:

Ieuan G. Mahony
Mass. Bar # 552349
Email: imahony@hklaw.com
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
Fax: (617) 523-6850

# Table of Contents

Introduction ........................................................................................................................... 1

Factual and Procedural Background .................................................................................... 1

I.  The Parties' Claims ...................................................................................................... 1

II.  The Panel's Rulings. .................................................................................................... 2

Argument ............................................................................................................................. 3

I.  Dyno Has Failed To Properly Apportion The Requested Legal Fees. ....................... 3

II.  Dyno Is Not Entitled To Recover From Dr. Thrower Any Legal Fees Attributable To Claims Involving Heritage. ....................................................................................... 4

    A.  Dr. Thrower Is Not A Party To Any Agreement That Would Allow Dyno To Recover Heritage-Related Fees From Dr. Thrower. .......................................... 5

    B.  Claims Involving Dr. Thrower Arise Under A Separate Contract, And Are Separate And Distinct From Claims Involving Heritage; Apportionment Is Therefore Required. ............................................................................................ 6

III.  Dyno Cannot Recover Attorney's Fees Attributable To Post-Termination Claims. ............. 7

IV.  Dyno Cannot Recover Attorney's Fees From Heritage Attributable To Claims, Such As The Intentional Interference Claims, Which Are Independent From The Claims On Which It Prevailed. ................................................................................... 8

V.  For Each Separate And Distinct Claim Upon Which Dyno Was Not The Prevailing Party, Dr. Thrower and Heritage Are Entitled To An Offsetting Award of Their Legal Fees. ........ 9

VI.  Dyno is Not Entitled to Fees for Its In-house Counsel ............................................ 10

VII.  The Amount of Legal Fees Dyno Has Requested Is Unreasonable ........................... 11

Conclusion ......................................................................................................................... 14

## Introduction

The claimants, Heritage Skin Care, Inc. and Dr. Angelo P. Thrower (collectively, "Heritage"), hereby oppose the Motion for Attorney's Fees submitted by the respondent, Dyno-Heritage Brands, Inc. ("Dyno").

## Factual and Procedural Background

### I.    The Parties' Claims.

The three parties in this arbitration each asserted affirmative claims at the hearing. Heritage asserted claims for breach of the License Agreement (Count I); for Statutory and Common Law Trademark Infringement and Unfair Competition (Counts III and IV); for Misappropriation of Trade Secrets (Count V); for Breach of Obligation of Good Faith and Fair Dealing (Count VIII); for Misrepresentation (Count VII); for Fraud in the Inducement (Count X); and for Wrongful Interference in (Count IX).

Dr. Thrower asserted claims for injunctive relief for breach of the Name and Likeness Agreement (Count II), and for Statutory and Common Law Trademark Infringement and Unfair Competition (Counts III and IV).

Dyno asserted claims for breach of the arbitration provisions of the Agreements (Counts I and II); breach of the License Agreement (Count III); breach of the Name and Likeness Agreement (Count IV); Tortious Interference with Advantageous Business Relationships (Count VI); Injunctive Relief (Count VII); and Piercing the Corporate Veil (Count VIII).

Each of the parties asserted claims covering (a) conduct that occurred before Heritage's termination letter of November 18, 2002, and (b) conduct that occurred after this date, which the Panel referred to as "post termination" claims. *See* Award at 20.

## II.   The Panel's Rulings.

In its Award dated August 4, 2003, the Panel declined to rule on the parties' post-termination claims. Therefore, although the Panel stated that certain post-termination actions by Dyno were "troubling" and raised "substantial issues of its non-compliance with the spirit and intent of the License Agreement," the Panel considered these claims separate from the "pre-termination" claims, and declined to rule on these claims. Award at 21.[1] The Panel similarly declined to rule on Dyno's asserted post termination claims. Id.

With respect to Heritage's pre-termination claims, the Panel ruled that Dyno had "not materially breached its obligations under the Agreements." Award at 27. The Panel also ruled that Dyno had made no actionable misrepresentations, and had not fraudulently induced Heritage to sign the License Agreement. Award at 29.[2]   The Panel accordingly rejected each of Heritage's claims.

The Panel similarly rejected Dr. Thrower's claims under the Name and Likeness Agreement, based on its finding that Dyno had not materially breached this Agreement.

The Panel granted Dyno summary judgment on its claims for breach of the arbitration provisions of the Agreements[3] (Counts I and II) and rejected the remaining claims of the seven count counterclaim. The Panel referred Dyno's motion for attorney's fees on its Counts I and II to a court of competent jurisdiction. Award at 31.

---

[1] Specifically, the Panel stated that "certain actions taken by Dyno since the purported termination, including the purportedly unauthorized reformulation of product, alleged shipment of product prior to testing, and Dyno's admitted alteration of trademarks, are troubling. Dyno's conduct raises substantial issues of its non-compliance with the spirit and intent of the License Agreement – including possible violations of sections 3.3.1, 3.3.2, 3.4, and 3.4.3." Award at 21.

[2] The Panel made no express findings concerning Heritage's claims for Wrongful Interference in Count IX.

[3] The Panel had previously granted Claimants' Motion to Dismiss Dyno's breach of fiduciary claim.

2

The Panel rejected Dyno's claims for intentional interference, its claims to pierce the corporate veil, injunctive relief and its claims that Dr. Thrower failed to perform under the Name and Likeness Agreement. The Panel also ruled that Dyno was entitled to no damages flowing from Heritage's purported termination of the License Agreement or from Dr. Thrower's pruported termination of the Name and Likeness Agreement. Award at 31-32.

**Argument**

**I.     Dyno Has Failed To Properly Apportion The Requested Legal Fees.**

It is black-letter law that a "party seeking attorney's fees on multiple claims, one of which is a claim based on a written contract, has an affirmative burden to demonstrate what portion of the effort was expended on the claim which allowed attorney's fees." *Rockledge Mall Associates, Ltd. v. Custom Fences of Brevard, Inc.*, 779 So.2d 558, 559 (Fla. 5th DCA 2001) (emphasis added); *Plapinger v. Eastern States Properties Realty Corp.*, 716 So.2d 315, 318 (Fla. 5th DCA 1998)(same). The Court established this apportionment rule in *Folta v. Bolton*, and held that where multiple claims in a single action are "separate and distinct and would support an independent action," a party may recover attorneys' fees for only those claims on which that party prevails. 493 So.2d 440, 442 (Fla.1986). Accordingly, "[w]hen a party prevails on only a portion of the claims made in the litigation, the trial court must evaluate the relationship between the successful and unsuccessful claims and determine whether the investigation and prosecution of the successful claims can be separated from the unsuccessful claims." *Anglia Jacs & Co., Inc. v. Dubin*, 830 So.2d 169, 172 (Fla.App. 4 Dist. 2002); *Country Manors Ass'n, Inc. v. Master Antenna Sys., Inc.*, 534 So.2d 1187, 1193 (Fla. 4th DCA 1988).

Here, Dyno has failed to properly apportion its requested fees between parties, and between claims. As demonstrated below, (i) Dyno cannot recover from Dr. Thrower legal fees expended on claims involving Heritage; (ii) Dyno cannot recover from Heritage legal fees for

3

any claims, such as the intentional interference claims, which do not arise out of the License Agreement and which are separate and distinct from the claims on which it was the prevailing party; (iii) Dyno cannot recover legal fees expended on any "post-termination" claims, as the Panel has already concluded that these claims are separate and distinct from those claims upon which it ruled; and (iv) Dyno cannot recover legal fees for its general counsel.

## II.     Dyno Is Not Entitled To Recover From Dr. Thrower Any Legal Fees Attributable To Claims Involving Heritage.

Dyno may not recover from Dr. Thrower legal fees attributable to Dyno's defending or asserting claims involving Heritage.  As demonstrated below, apportionment of Dyno's claimed fees between Dr. Thrower and Heritage is required because (i) there is no contract between Dyno and Dr. Thrower that would allow Dyno to recover any Heritage-related legal fees, and (ii) each of the claims involving Dr. Thrower arises from an agreement separate from the Heritage-Dyno agreement, and is independent from the claims involving Heritage.

The Panel simply has no authority to hold *Dr. Thrower* liable for fees under the attorney's fee provision in the contract between *Heritage* and Dyno to which Dr. Thrower is not a party or signatory.  *See United Steelworkers v. Building and Constr. Trades Dep't*, No. CIV.A. 95-CV-6737, 1996 WL 596125, at *3 (E.D. Pa. 1996) (arbitration award cannot be enforced against a party who was not bound by the agreement authorizing arbitration); *Fiat S.p.A. v. Ministry of Finance & Planning*, No. 88 CIV. 6639 (SWK), 1989 WL 122891, at *5 (S.D.N.Y. 1989) (arbitration panel exceeded its authority when it purported to bind a non-signatory who was not expressly covered by the arbitration agreement).  *See also International Bhd. of Elec. Workers, Local Union No. 323 v. Coral Elec. Corp.*, 576 F. Supp. 1128, 1139 (S.D. Fla. 1983) (absent finding that employer was bound by contract, arbitration committee would lack authority to order employer to pay back wages and fringe benefits); *Teamsters Local No. 25 v. Penn*

*Transp. Corp.*, 359 F. Supp. 344, 348 (D. Mass. 1973) ("[I]n order for an arbitration award to be enforceable it must draw its essence from the contract; [i]t follows that an award cannot be enforced against a party who was not bound by the . . . agreement authorizing the arbitration") (citation omitted).  As a result, fees relating to claims asserted by Heritage based on the License Agreement cannot be taxed against Dr. Thrower, since Dr. Thrower is not a party to the License Agreement.

**A.     Dr. Thrower Is Not A Party To Any Agreement That Would Allow Dyno To Recover Heritage-Related Fees From Dr. Thrower.**

Under the "American Rule," attorneys' fees may only be awarded where authorized by contract or by statute.  *Dade County v. Pena*, 664 So.2d 959, 961 (Fla. 1995); *Rehman v. ECC International Corp.*, 698 So.2d 921 (Fla. 5th DCA 1997).  The sole basis for recovering fees against Dr. Thrower is the Name and Likeness Agreement between Dr. Thrower and Dyno.  *See* Name and Likeness Agreement, § 15.2.  Dyno has no contractual or other right to recover from Dr. Thrower fees related to disputes arising under the License Agreement.

A party prevailing on claims involving multiple parties must apportion requested attorney's fees between these parties.  *CDI Contractors, LLC. v. Allbrite Elec. Contractors, Inc.* 836 So.2d 1031, 1032 (Fla. 5th DCA 2002).  In *CDI Contractors*, the plaintiff CDI prevailed on separate and distinct claims, involving two separate parties.  The Court ruled that CDI must apportion its requested attorney's fees between (i) those attributable to the claims involving one party, and (ii) those attributable to the claims involving the other party.  *See CDI Contractors*, 836 So.2d at 1032.

The same result obtains here.  Dyno's only right to recover attorney's fees from Dr. Thrower arises out of claims under the Name and Likeness Agreement, based on the attorney's fee provision in that Agreement.  Dyno cannot recover fees from Dr. Thrower arising out of

claims under the License Agreement, where Dyno has no contractual or other right to such a recovery.

**B.  Claims Involving Dr. Thrower Arise Under A Separate Contract, And Are Separate And Distinct From Claims Involving Heritage; Apportionment Is Therefore Required.**

Moreover, each of the claims brought by Dr. Thrower and the counterclaims asserted by Dyno against Dr. Thrower properly forms the basis for a proceeding wholly independent from a proceeding involving the License Agreement. *See Folta*, 493 So.2d at 442 (claims are "separate and distinct" and thus require an apportionment of fees where the claims "would support an independent action").  It is only where "determination of the issues in one action would necessarily be dispositive of the issues raised in the other" that the actions are sufficiently related to warrant non-apportionment of requested fees. *Anglia Jacs & Co., Inc. v. Dubin*, 830 So.2d 169, 172 (Fla. 4th DCA 2002); *Cuervo v. W. Lake Village II Condo. Ass'n*, 709 So.2d 598, 599-600 (Fla. 3d DCA 1998).

Here, a determination of the issues under the License Agreement certainly was not dispositive under the Name and Likeness Agreement.  Dr. Thrower's claims and Dyno's claims under the Name and Likeness Agreement were separate and distinct from Heritage's and Dyno's claims under the License Agreement.  Specifically, under the Name and Likeness Agreement, Dr. Thrower claimed that:

> Dyno ... demands that Dr. Thrower provide Dyno with a range of "consulting services," and argues that Dr. Thrower's failure to provide these services will damage Dyno's claimed "launch" of the products.  These services fall well outside those specified in the name and Likeness Agreement. [4]

Under the Name and Likeness Agreement, Dyno similarly claimed that:

---

[4] Verified Statement of Claim, ¶116; *see id.* ¶¶138-147.

6

> Dr. Thrower has refused to cooperate with the reformulation of the acne treatment product to reduce the offensive odor it emits. Dr. Thrower refuses  cooperate with the reformulation of the acne treatment product to deal with its lack of efficacy. Dr. Thrower refuses  cooperate with the reformulation of the Product Line to deal with instability issues. Dr. Thrower refuses  cooperate with the reformulation of the Product Line to reduce the number of SKU's to enhance marketability and market penetration of the Product Line.... Dr. Thrower refuses  cooperate with marketing efforts regarding the Product Line, such as refusing to provide necessary interviews.[5]

As can be seen, these assertions do not involve the License Agreement, and their resolution has no dispositive effect on resolution of issues under the License Agreement, as Dr. Thrower's performance and Dyno's performance of their obligations under the Name and Likeness Agreement cannot control whether Heritage's and Dyno's performance or non-performance of obligations under the License Agreement.

Determining whether multiple claims within a lawsuit are "separate and distinct" for purposes of requiring an apportionment of requested attorney's fees presents a question of law. *Anglia Jacs*, 830 So.2d at 171; *see Gibbs Constr. Co. v. S.L. Page Corp.*, 755 So.2d 787, 790 (Fla. 2d DCA 2000). As a matter of law, Dyno may not recover from Dr. Thrower attorneys fees it incurred with respect to defending against or pursuing claims involving Heritage.

### III.   Dyno Cannot Recover Attorney's Fees Attributable To Post-Termination Claims.

The Panel declined to rule on post-termination claims asserted by the parties. There is, accordingly, no "prevailing party" with respect to these post-termination claims. Moreover, by its very ruling, the Panel has determined that these post-termination claims are separate and independent from the pre-termination claims upon which the Panel ruled. *See Folta*, 493 So.2d at 442. The fact that the Panel concluded that Dyno's post-termination conduct raised

---

[5] Counterclaim, ¶103(b)-(g).

"substantial issues of its non-compliance" while concluding that Dyno's pre-termination conduct, in contrast, materially complied with the Agreements further demonstrates the independence of the post-termination claims from the pre-termination claims. *See Anglia Jacs & Co.,* 830 So.2d at 172 (claims are separate for purposes of apportioning legal fees where resolution of one claim is not dispositive of the other).

In sum, the post-termination claims were are separate and independent from the pre-termination claims, and Dyno did not prevail on these post-termination claims. Accordingly, as a matter of law Dyno is precluded from recovering attorney's fees attributable to these claims, and must apportion its fee request accordingly.

**IV.    Dyno Cannot Recover Attorney's Fees From Heritage Attributable To Claims, Such As The Intentional Interference Claims, Which Are Independent From The Claims On Which It Prevailed.**

It is the prevailing party's "burden to demonstrate what portion of time or effort was expended in the lawsuit involving the defense of, or recovery on the contract, which allows for recovery of attorney's fees, if there are other separate transactions or counts litigated at the same time for which an award of attorney's fees is not appropriate." *Plapinger,* 716 So.2d at 318, citing *Hamilton v. Palm Chevrolet-Oldsmobile,* Inc., 388 So.2d 638 (Fla. 2d DCA 1980); *United Services Automobile Ass'n v. Kiibler,* 364 So.2d 57 (Fla. 3d DCA 1978). It is black-letter law that, for purposes of attorney's fee apportionment, contract claims and tortious interference claims are separate and distinct causes of action rather than alternative theories of recovery for the same wrong. *Rockledge Mall Associates, Ltd. v. Custom Fences of Brevard, Inc.,* 779 So.2d 558, 559 (Fla. 5th DCA 2001)

Accordingly, Dyno cannot recover from Heritage legal fees for any claims, such as the intentional interference claims, which do not arise out of the License Agreement and which are separate and distinct from the claims on which it was the prevailing party. Because Dyno has

8

failed to distinguish between (a) claims as to which it has the right to recover fees, and (b) claims as to which it is not entitled to fees, this Panel should deny Dyno's motion.

**V.      For Each Separate And Distinct Claim Upon Which Dyno Was Not The Prevailing Party, Dr. Thrower and Heritage Are Entitled To An Offsetting Award Of Their Legal Fees.**

Where claims are separate and distinct, a court should award contract-based attorney's fees in accordance with the prevailing party on each such claim. *See Folta v. Bolton*, 493 So.2d 440 (Fla.1986) (where multiple claims, upon which a single medical malpractice action is predicated, are separate and distinct and would support an independent action, each party should recover attorneys' fees for those claims on which he prevails); *Lochrane Engineering, Inc. v. Willingham Realgrowth Investment Fund, Ltd.*, 563 So.2d 719 (Fla. 5th DCA), cause dismissed, 574 So.2d 145 (Fla.1990) (where plaintiff sued defendant on three theories, one in tort, one based on implied warranty and one based on breach of an express contract which provided for attorneys' fees to the prevailing party, it was proper (a) to award fees to the defendant who prevailed on the express contract count and (b) fees to the plaintiff who prevailed on his tort and implied warranty theories).

Here, Dr. Thrower and Heritage were prevailing parties at a minimum on Dyno's counterclaims for damages under the License Agreement (Count III) on Dyno's claims for breach of fiduciary duty (Count V) intentional interference with contract (Count VI), and Dyno's claims for injunctive relief (Count VII). Dr. Thrower is also a prevailing party in Dyno's claims for damages under the Name and Likeness Agreement (Count IV), and on Dyno's claims to pierce the corporate veil (Count VII). In summary, Heritage was the prevailing party on three of the four claims asserted by Dyno in its counter-claim. And Dr. Thrower was the prevailing party in four of the five claims asserted against him in Dyno's counter-claim. Award at 31-32. As to Dyno's seven count counter-claims, it prevailed on only Counts I and II. A properly apportioned

fee request would allow for offsetting legal fees with respect to each claim that Heritage and Dr. Thrower prevailed.

## VI.    Dyno is Not Entitled to Fees for Its In-house Counsel

Dyno seeks fees totalling $25,620 for time spent by its in-house counsel, David Gershman, on this case. But where, as here, in-house counsel acts primarily as a liaison between the client and outside counsel, and outside counsel is responsible for handling the case, in-house counsel fees may not be awarded. In *Burger King Corp. v. Mason*, 710 F.2d 1480 (11th Cir. 1983), the Eleventh Circuit, applying Florida law, affirmed the district court's denial of in-house counsel fees. The court agreed with the district court's assessment that

> [t]here is no precedent in Florida law for an award of attorney's fees for the services of in-house counsel. Cases from other jurisdictions awarding fees for the services of in-house counsel *who actively tried the case* are not factually similar to this case when in-house counsel acted primarily as a liaison between the client and outside counsel who had complete responsibility for the conduct of the case.

*Id.* at 1498-99 (emphasis added). The court affirmed on the additional ground that "[a] contract provision which specifies that attorney's fees must be paid in the event of litigation is enforceable in Florida 'as an agreement for indemnification.'" *Id.* at 1499, *quoting Trustees of Cameron-Brown Inv. Group v. Tavormina*, 385 So. 2d 728, 731 (Fla. 3d DCA 1980). Because Burger King "did not have to pay out additional money for the services of its house counsel, . . . it cannot claim 'reimbursement' for this pro-rata share of its fixed corporate expense." *Burger King*, 710 F.2d at 1499. *Accord Dictiomatic, Inc. v. United States Fid. & Guar. Co.*, No. 93-2123-CIV-PAINE, 2000 WL 33115333, at *4-*5 (S.D. Fla. 2000) (applying Florida law).

As is obvious from the tasks Mr. Gershman performed, as shown on Dyno's Exhibit C to its motion,[6] and from the amount of fees attributed to him - $25,620 – in proportion to the amount of Greenberg Traurig's requested fees – $858,649 – Mr. Gershman was not primarily responsible for handling the case and did not try the case.  He was a liaison between his client/employer, Dyno, and its outside counsel, Greenberg Traurig, and Dyno is therefore not entitled to recover fees for his services.  *Burger King.*  In addition, Mr. Gershman is on Dyno's payroll – Dyno did not incur any additional out-of-pocket expense for his services, and Heritage is not obligated to reimburse Dyno.  *Burger King; Trustees of Cameron-Brown.*

## VII.   The Amount Of Legal Fees Dyno Has Requested Is Unreasonable.

Courts uniformly hold that the party "asserting a right to attorney's fees under a written contract has the burden not only of demonstrating its general right of recovery, but also the reasonable amount due for asserting or defending the contract right."  *Plapinger v. Eastern States Properties Realty Corp.*, 716 So.2d 315, 318 (Fla.App. 5 Dist. 1998), citing *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla.1985); *Salisbury v. Spielvogel*, 451 So.2d 974 (Fla. 4th DCA 1984).  In assessing the reasonableness of the fee request, a Court is required to determine the "lodestar" by multiplying the reasonable hourly rate by the number of hours reasonably expended on the litigation.  *George v. GTE Directory Corp.*, 114 F. Supp.2d 1281, 1284-85 (M.D. Fla. 2000).  The Court then must determine whether an adjustment to the lodestar is necessary "to account for other considerations . . . the most important being the relation of the results obtained to the work done."  *Id.* at 1285, citing *Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir. 2000), citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (emphasis added).

---

[6]  Mr. Gershman's time entries reveal that for the most part he conferred with outside counsel, reviewed court papers and documents, worked with outside counsel drafting correspondence and settlement proposals, and worked on document production.

Fee applicants must exercise "billing judgment." *ACLU v. Barnes*, 168 F.3d 423, 428, citing, *Hensley*, 461 U.S. at 434; *Fla. Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1151 (Fla.1985) (a prevailing party is entitled to recover only fees which are "reasonably expended"). "This means that they must exclude from their fee applications 'excessive, redundant, or otherwise unnecessary [hours],' which are hours 'that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Barnes*, 168 F.3d at 428, citing *Norman v. Housing Auth.*, 836 F.2d 1292, 1301 (emphasis in original).  If fee applicants do not exercise billing judgment, courts are obligated to do it for them. *Id.*

Given the nature of this case, the number of shareholders who billed for work in this case and their billing rates Dyno's fees are excessive. *See e.g. Lee v. American Eagle Airlines, Inc.*, 93 F. Supp.2d 1322, 1333-34 (S.D. Fla. 2000) (reducing plaintiff's counsel's hours across the board by 40% to account for the excessive number of hours claimed).  Dyno seeks fees for six shareholders, all of whom have billing rates in excess of $300.00 per hour.  Two of the shareholders have billing rates in excess of $400.00 per hour.  Three have billing rates in excess of $350.00 per hour.  And the billing rate of the remaining shareholder is $325.00 per hour.

Additionally, Dyno delayed in producing key documents until after the commencement of the hearing, requiring substantial "emergency time" for this last-minute production.  Heritage and Dr. Thrower should not be responsible for this conduct.

Dyno also persisted in arguing that Dyno-Heritage Brands, Inc. was a separate legal entity from Dyno Corporation, despite its knowledge that this was, in fact, not the case.  Dyno-Heritage expended considerable hearing and attorney time in seeking to maintain this position, and only conceded this point after the cross-examination of Mr. Moynihan.  Mr. Moynihan

testified that Dyno-Heritage Brands had no financial assets, bank accounts, facilities or staff and that Dyno Corporation performwed the day–to-day operative functions to implement the License Agreement and paid the bills of Dyno-Heritage Brands.

Dyno, moreover, expended considerable time in misdirecting opposing counsel and this Panel concerning the sublicensing relationship between Dyno-Heritage and Dyno Corporation, and in obtaining by this means the Stipulation concerning Dyno Corporation's participation in the matter.  Dyno should not be rewarded for this improper conduct through an award of any fees associated with the conduct.   This Panel, therefore, should substantially reduce the requested fees.

Finally, although the Panel ultimately determined Dyno to be the "prevailing party," Award at 32, the Panel rejected five of Dyno's seven claims asserted in its counter-claim, including Dyno's claims for intentional interference, breach of fiduciary duty, injunctive relief, its claims to pierce the corporate veil, and its claims that Dr. Thrower failed to perform under the Name and Likeness Agreement.  The Panel also ruled that Dyno was entitled to no damages flowing from Heritage's purported termination of the License Agreement or from Dr. Thrower's purported termination of the Name and Likeness Agreement.  Award at 31-32.  The Panel should therefore reduce Dyno's requested fees to account for Dyno's limited success.  *See Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("if . . . a [litigant] has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount"); *Shannon v. Bellsouth Telecomm., Inc.*, 292 F.3d 712, 717-18 (11th Cir. 2002 (where plaintiff prevailed on retaliation claim but lost on religious discrimination and disability claims, district court did not abuse discretion in reducing fee award; plaintiff's success with retaliation claim was limited in relation to the scope of the litigation as a

13

## Certificate Of Service

WE HEREBY CERTIFY that on this 25th day of August 2003, a copy of the foregoing has been delivered

via facsimile and mail to:

Pedro J. Martinez-Fraga and
Luis M. O'Naghten, Esq.
Greenberg & Traurig, LLP,
Attorneys for Respondent,
1221 Brickell Avenue, Miami, Florida 33131

Honorable Judge Edward B. Davis
Akerman, Senterfitt, Eidson, P.A.
Sun Trust International Center
One South East Third Avenue, 28th Floor
Miami, FL  33131-1704

and

Mr. Thomas Simotas
International Centre For Dispute Resolution
1633 Broadway, Fl. 10
New York, NY  10019-6708

By: Marilyn J. Holifield

MIA1 #1246714 v1

whole); *Jean v. Nelson*, 863 F.2d 759, 770-72 (11th Cir. 1988) (district court acted within its discretion in reducing amount of fees incurred for litigating unsuccessful equal protection claim); *Harris v. Marhoefer*, 24 F.3d 16, 18-19 (9th Cir. 1994) (district court properly exercised its discretion in reducing lodestar figure by 50% for lack of success in amount of damages recovered and number of claims prevailed upon).

### Conclusion

The Claimants respectfully request that the Panel deny Dyno's Motion for Attorney's Fees, or alternatively (a) apportion the amount such that Heritage alone is responsible for the award and (b) reduce the requested amount to a reasonable amount.

Respectfully submitted,

HOLLAND & KNIGHT, LLP.
Attorneys for Claimants
701 Brickell Avenue
Suite 3000
Miami, Florida 33131
Telephone:  (305) 374-8500
Fax: (305) 789-7799

By _____
Marilyn J. Holifield
Florida Bar No. 293482
Email:  mholifie@hklaw.com

Of Counsel:

Ieuan G. Mahony
Mass. Bar # 552349
Email: imahony@hklaw.com
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Telephone: (617) 523-2700
Fax: (617) 523-6850

14

## Exhibit A to Claimants' Opposition to Motion for Attorneys' Fees

Fees for work that is unrelated for the arbitration include for example:

### INVOICE #1070628

| | |
|---|---|
| 06/02/03 | Cummerford conferences regarding bank matter and related emails. |
| 06/03/03 | Cummerford conferences regarding bank matters and related emails. |
| 06/03/03 | Daily review regarding promotions, packaging and coupons. |
| 06/10/03 | Cummerford conferences regarding new product issues. |
| 06/10/03 | Daily preparation of model coupon. |
| 06/18/03 | Cummerford review of advertising copy and related conferences. |
| 06/18/03 | Daily review of advertising copy. |
| 06/18/03 | Daily review of advertising copy. |
| 06/19/03 | Cummerford emails regarding trademark use. |
| 06/19/03 | Daily review of packaging. |
| 06/19/03 | Daily review of Honey advertisement. |
| 06/23/03 | Daily review regarding new trademark application. |
| 06/23/03 | Schwayi research regarding incorporation under laws of Puerto Rico. |
| 06/24/03 | Schwayi research regarding personal jurisdiction. |

### INVOICE  1050577

| | |
|---|---|
| 05/01/03 | Cummerford emails regarding foreign trademark registrations. |
| 05/02/03 | Cummerfords letter to Jamaican counsel. |
| 05/21/03 | Cummerford review of Essence ad. |

## <u>INVOICE 1045199</u>

04/01/03     O'Naten review of MediGrace launch proposal .

04/08/03     O'Naten letter regarding MediGrace launch and related conference.

04/30/03     Cummerford call and conference regarding Jamaican trademark matters.