

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 03-20282-CIV-MORENO

MAGISTRATE JUDGE: GARBER

HERITAGE SKIN CARE, INC. and
ANGELO P. THROWER, MD,

    Plaintiffs,

v.

DYNO-HERITAGE BRANDS, INC.,

    Defendants.
_____/

## DYNO'S REPLY IN SUPPORT OF MOTION TO TAX ATTORNEY'S FEES AND COSTS AND MOTION TO CONFIRM ARBITRATION AWARD

Defendant, Dyno-Heritage Brands, Inc. ("Dyno"), files this reply in support of its (1) Motion to Tax Attorney's Fees and Costs Pursuant to Arbitration Award ("Motion to Tax Attorney's Fees") and (2) its Motion to Confirm Arbitral Award ("Motion to Confirm").[1]

### PRELIMINARY STATEMENT

In support of Dyno's Motion to Tax Attorney's Fees, Dyno has submitted the affidavit and supplemental affidavit of the Hon. Philip Bloom. Judge Bloom has handled over 1,000 contested hearings regarding attorney's fees. In his supplemental affidavit Judge Bloom testified that the

---

[1] Dyno seeks attorney's fees for the work performed in this action (referred to as the "Federal Court Litigation") in which it had to twice prepare for a preliminary injunction hearing as well as move to compel arbitration. Dyno also seeks confirmation of the final arbitration order which awarded Dyno $584,831.18 in attorney's fees. However, plaintiffs' opposition to Motion to Tax Attorney's Fees and Costs (the "Opposition") does not even mention the Motion to Compel.
The procedural background to this case is fully set forth in the Motion to Tax Attorney's Fees and the Motion to Confirm both filed on August 14, 2003. For the convenience of the Court, the procedural background will not be repeated here.

$189,085 requested by Dyno is reasonable for the work performed in the Federal Court Litigation.

In response, plaintiffs Heritage Skin Care, Inc. ("Heritage") and Angelo P. Thrower, M.D. ("Dr. Thrower"), have presented absolutely no evidence whatsoever. Instead, plaintiffs simply *argue*, without any specificity, that the amount sought is unreasonable. Plaintiffs' Opposition does not even allege how much of the amount sought by Dyno is unreasonable. Because plaintiffs have wholly failed in their obligation to provide evidence opposing Dyno's Motion to Tax Attorney's Fees and the only competent evidence before this Court supports the reasonableness of the fees sought by Dyno, the Court should enter an award for the amount sought by Dyno.

Plaintiffs' Opposition completely ignores Dyno's Motion to Confirm. Plaintiffs do not contest the $584,831.18 awarded by the Hon. Edward B. Davis as attorney's fees in the arbitration. As a consequence, this Court should also confirm the arbitration award issued by the arbitration panel.

## ARGUMENT

### I. Dyno's Fees in the Federal Court Litigation are Reasonable

#### a. Dyno provided evidence of the reasonableness of its fees

In determining reasonable attorney's fees, Florida follows the federal load star process which requires a determination of the number of hours reasonably expended by counsel on litigation followed by a determination of the reasonable hourly rate. *Florida Patient's Compensation Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985). Dyno is required to produce evidence that its attorney's fees rates are in line with prevailing rates. *Id.*; *Norman v. Housing*

CASE NO. 03-20282-CIV-MORENO

*Authority of the City of Montgomery, et al.*, 836 F.2d 1292, 1299 (11th Cir. 1988). Dyno has presented such evidence in the form of the eighteen (18) page Affidavit of Philip Bloom dated November 25, 2003 as well as his Supplemental Affidavit dated April 21, 2004. It is worth noting that Judge Davis in his Final Order dated December 31, 2003, completely adopted Judge Bloom's opinion as to the reasonableness of the fees charged. Judge Davis simply adjusted Judge Bloom's figures to take into account that Dyno had mistakenly sought approximately $91,000 in fees that were incurred prior to the filing for arbitration (i.e., fees incurred during the Federal Court Litigation) and reduced those fees from the amount suggested by Judge Bloom. Other than that correction, Judge Davis wholly agreed with Judge Bloom's determination of the reasonableness of Dyno's attorney's fees.

In his Supplemental Affidavit, Judge Bloom directly addressed the issue raised by Judge Davis' Final Order and opined on the reasonableness of attorney's fees in the Federal Court Litigation. Judge Bloom stated:

> 3. In my original affidavit, I opined with respect to the reasonableness of the attorney's fees in the matter styled *Heritage Skin Care, Inc. and Angelo P. Thrower, M.D. v. Dyno Heritage Brands, Inc.*, Case No. 03-20282-CIV-Moreno (hereinafter referred to as the "Federal Court Litigation"). The Federal Court Litigation dealt with plaintiffs' attempt to obtain a preliminary injunction as well as defendant's motion to compel arbitration. Based on the February 18, 2003 invoice from Greenberg Traurig to Dyno which was attached to defendant's Motion to Tax Attorney's Fees and Costs Pursuant to Arbitration Award (which motion was filed in this action), I opined that the 300.3 hours sought by Dyno Heritage Brands, Inc. ("Dyno") in that bill for a total of $99,395.50 was reasonable for the work done in the Federal Court Litigation.
>
> 4. However, in my original affidavit I did not attribute 281.5 hours that were expended on the Federal Court Litigation. Those 281.5 hours were included in an invoice dated May 19, 2003 which was submitted to the arbitration panel in connection with Dyno's

- 3 -

motion to tax fees and costs filed in the arbitration. However, this award was not included in my original affidavit because they were not sought in the Motion to Tax Attorney's Fees and Costs Pursuant to Arbitration Award. The 281.5 hours were from February 10, 2003 through March 9, 2003 prior to the filing of the arbitration. Thus, these hours could not have been expended on arbitration and should not have been applied for in the arbitration.

**5. *I opine that the 281.5 hours which was performed prior to the filing of the arbitration, but was not included in the February 18, 2003 invoice, was both necessary and reasonable in connection with the Federal Court Litigation. I have assigned a $325 blended rate thus adding $91,487.52 prior estimation of reasonable attorney's fees expended with respect to the Federal Court Litigation.***

**6. *I find that the total hours expended by Greenberg Traurig of 581.8 hours on the Federal Court Litigation for a total amount of $189,085 is reasonable.***

Affidavit of Philip Bloom, ¶¶ 3-6. (emphasis added.)

The Eleventh Circuit has ruled that those filing objections and opposing a fee application must provide *proof* and that the hours sought to be excluded must be both specific and "reasonably precise." *American Civil Liberties Union of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). Plaintiffs have utterly failed to comply with their obligations in opposing the motion to tax attorney's fees. By failing to provide competent evidence (in the form of an affidavit or otherwise) that either the hours expended were unreasonable or that the rates charged were unreasonably, plaintiffs have absolutely no basis to oppose Dyno's Motion to Tax Attorney's Fees.

**b.     Dr. Thrower is jointly and severally liable for all fees**

Plaintiffs argue that Dr. Thrower can not be found liable for the entirety of the fees incurred by Dyno. Plaintiffs ignore that Dr. Thrower brought this action against Dyno and that

as a result Dyno was required to incur fees. In this regard, it must be noted that both the License and Development Agreement (the "License Agreement") and the Name Agreement contain cross-default provisions. The License Agreement provides as follows:

> **17.7 Cross-Default** Notwithstanding anything to the contrary in this Agreement, a material breach <u>of this Agreement by either party shall be deemed a material breach of the Name and Likeness Agreement entered into even date between Dyno and Thrower</u>: (a) By Thrower (in the event Heritage is the party in breach of this Agreement); or (b) By Dyno (in the event Dyno is the party in breach of this Agreement).
>
> Section 17.7, License Agreement (emphasis added)

Consequently, by virtue of the terms of the agreements signed by the parties a breach of the License Agreement constituted a breach of the Name Agreement. Indeed, the Arbitration Panel recognized that the facts of this case are completely intertwined. The Order states:

> The additional claims and counterclaims here were inextricably intertwined with the breach of contract claims. (citation omitted). The same set of facts which gave rise to the breach of contract claims gave rise to the additional claims and counterclaims, and proof of the breach of contract claims involved proof of the other counts. (citation omitted).
>
> Order at 4.

A review of the time entries by Dyno's lawyers[2], do not provide a distinction between proving the breach of the License Agreement by Heritage as opposed to the breach of the Name Agreement by Dr. Thrower. To the contrary, although the Name Agreement is mentioned throughout the time entries sporadically, the majority of the time was spent on analyzing the License Agreement and Heritage's breach of the License Agreement. The reason for this fact is

---

[2] The time entries are attached as Exhibit "B" to Dyno's Motion for Taxation of Attorneys Fees, Costs, and Interest. These time entries detail exactly what each timekeeper was charging and what the timekeeper did for the time charged.

quite simple. By virtue of the cross-default provision both the defense of Dr. Thrower's claim for breach of the Name Agreement (Count II of Verified Claim) as well as Dyno's claim of breach on Dr. Thrower's part (Count IV of the Counterclaim) involved the issue of who breached the License Agreement.

For instance, Dyno's Fifth Affirmative Defense directed to Count II of the Verified Statement of Claim (relating to Dyno's alleged breach of the Name Agreement) states in no uncertain terms:

### FIFTH AFFIRMATIVE DEFENSE

\* \* \*

209. Dr. Thrower has breached the above provisions of the Name Agreement by, without limitation:

(f) Dr. Thrower refuses to honor the twenty-five (25) year term of the License Agreement.

\* \* \*

211. **Heritage's breach of the License Agreement precludes it from asserting any breach of Dyno.**

> Dyno's Answer, Defenses, and Affirmative Defenses, Fifth Affirmative Defense ¶¶209(f) and 211. (emphasis added).

Thus, in order to defend against Dr. Thrower's claim regarding Dyno's alleged breach of the Name Agreement, Dyno was *required* to prove Dr. Thrower's breach of the License Agreement. Dyno did not ask Dr. Thrower to file a claim in his own name. But once he did, Dyno needed to prove a breach of the License Agreement in defense to his claim.

By virtue of the pleadings, *in order to defend against Dr. Thrower's claim on the Named Agreement* and to prove Dyno's claim of Dr. Thrower's breach of the Name Agreement,

*Dyno was required to prove Heritage's breach of the License Agreement.* The Court should award the totality of Dyno's fees against both Heritage and Dr. Thrower, jointly and severally because the facts regarding the breach of the License Agreement and the Name Agreement are completely interwoven. Indeed, they are inseparable.

## II. Plaintiffs Have Not Objected to the Confirmation of the Arbitral Award

On December 31, 2003, Judge Davis issued his Final Order in which he awarded Dyno $526,348.06 against Plaintiff, Heritage, and $58,483.12 against Angelo P. Thrower, M.D., individually. Plaintiffs' opposition did not oppose or even make reference to the confirmation of this award. As such, the Court should confirm the arbitral award as requested.

## CONCLUSION

Based upon the above argument and authority, the Court should grant Plaintiffs' Motion to Tax Attorney's Fees and Costs in the amount of $189,085 for the attorney's fees incurred in the Federal Court Litigation and confirm the Final Order issued on December 31, 2003 by Judge Davis in the arbitration proceeding.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: _____
PEDRO J. MARTINEZ-FRAGA
Florida Bar No. 752282
LUIS M. O'NAGHTEN
Florida Bar No. 622435

CASE NO. 03-20282-CIV-MORENO

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served this 27th day of February, 2004. by U.S. mail to **Marilyn J. Holifield, Esq.**, Holland & Knight, LLP, 701 Brickell Ave., Suite 3000, Miami, Florida 33131.

_____
PEDRO J. MARTINEZ-FRAGA

702628

- 8 -